Merrimack,
No. 5763.

CRANDALL R. WALLENSTEIN

*v.*

LUCILLE DOYLE *& a.*

Argued June 4, 1968.
Decided June 28, 1968.

*Stanley & Tardif( John W. Stanley, Jr.* orally ), for the plaintiff.

*Wadleigh, Langdell, Starr, Peters & Dunn* and *Theodore Wadleigh* ( *Mr. Wadleigh* orally ), for the defendant Lucille Doyle.

GRIMES, J. This is an action at law to recover for services claimed to have been rendered by the plaintiff for the defendants. Under a writ dated May 27, 1966 in which both defendants were joined, the sheriff made a bulky article attachment of some personal property and a real estate attachment. The defendants had been separated, and a divorce action was pending. Mrs. Doyle was in the process of selling some household furnishings by auction and the plaintiff, believing that he held nothing under the real estate attachment, sent the sheriff to make further attachments. Mrs. Doyle gave the sheriff a check in the amount of $1,208 and he made the following return on the writ: "In lieu of any further attachments other than is noted on this writ, the within named defendant Lucille C. Doyle, gave me Bond in the sum of $1,208.00, currency of the United States of America, which the undersigned holds in his possession."

After a *non est inventus* return, service was made on both defendants by publication. Mrs. Doyle appeared, but Mr. Doyle defaulted. The case against Mrs. Doyle was tried and resulted in a verdict for the defendant. By motion, she sought the return of the $1,208, claiming that it should not be used to satisfy any

judgment against Mr. Doyle. This motion was granted. Plaintiff's exception was transferred by *Bownes,* J.

Mrs. Doyle testified that the $1,208 was solely her money and that she deposited it with the sheriff in lieu of an attachment which he was about to make upon an electric organ which was her property. She said that she did not know where Mr. Doyle was at the time, nor did she know of any assets that he had anywhere in this state. Whether the money was deposited by Mrs. Doyle to prevent any further attachments of her property alone or whether it was deposited to prevent any further attachments against property of her husband also, was a question of fact which could be shown by evidence apart from the sheriff's return. *Pike* v. *Scribner,* 101 N. H. 314. Since the Trial Court's finding was supported by the evidence, the order must be

*Exception overruled.*

All concurred.